# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2152 | **DATE** | 6/10/2004 |
| **CASE TITLE** | Omar Bryant vs. Union Pacific RR Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing set for 08/16/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion, and due to the complete inadequacy of the pretrial submissions by the parties, the Court hereby strikes the pretrial conference date set for 06/10/04, jury trial date of 06/14/04 and denies all pending motions without prejudice. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 14 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 33 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OMAR BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 2152 |
| | ) | |
| UNION PACIFIC RAILROAD | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
JUN 1 4 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Union Pacific Railroad Company's ("Union Pacific") motions in limine and on Plaintiff Omar Bryant's ("Bryant") motions in limine. Due to the complete inadequacy of the pretrial submissions by the parties, we are unable to rule on the motions in limine and are unable to proceed to trial as scheduled.

## DISCUSSION

The joint pretrial order submitted by the parties is deficient for a variety of reasons. All parties were instructed on May 13, 2004, to prepare a joint pretrial

1

33

order in accordance with the court's standing pretrial order. The parties have clearly failed to comply with our orders. We shall address each deficiency in the submitted joint pretrial order below.

I. Venue (Tab 2)

The parties are instructed in our standing order to include a venue statement in Tab 2. In Tab 2 of the submitted pretrial order the parties merely state: "Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3)." The court is well aware of the federal venue statute and it is an illogical conclusion on the parties' part that the court would ask parties in each case to merely cite the venue statute. Clearly what is required in Tab 2 is an indication of why venue is appropriate in the particular action. The parties failed to provide even the most cursory explanation as to why venue is proper in this action in this court.

II. Statements of Facts and Law (Tabs 3A, 3B, 4A, 4B)

The parties are instructed to include agreed facts in Tab 3, facts proposed by Plaintiff and disputed by Defendant in Tab 3A, and facts proposed by Defendant and disputed by Plaintiff in Tab 3B. First of all, the parties blatantly ignored the court's standing order by combining their disputed facts with disputed issues of law which is

required to be included in Tab 4. Thus, the parties have combined disputed issues of fact and law which only creates confusion. The parties also altered the remaining Tab numbers in the submitted pretrial order to fit their own version of a pretrial order and thus, none of the remaining Tabs in the submitted pretrial order correspond with our standing order for pretrial orders.

In addition to the parties' unilateral reconfiguration of the pretrial order, the agreed and disputed facts included in the submitted pretrial order are completely inadequate. In Tab 3 of the submitted pretrial order the parties merely include as agreed facts eight brief statements of fact, and the disputed facts and law offer little relevant information. The agreed facts address matters such as the district where Bryant resides, that he was working for Union Pacific on December 17, 2001, the usual hours of his job, the duties of his job, and the duties and general hours of other jobs. Completely absent from the agreed facts and the disputed facts are a litany of relevant facts that are alluded to in the complaint and mentioned in the parties' motion in limine briefs. We recognize that the parties are required to provide the material facts and are not expected to provide a voluminous compilation of every fact that could conceivably have a bearing in this case. However, in the submitted pretrial order the parties have failed to provide even the most basic facts necessary for a proper adjudication of this case.

The complaint is vague and unclear in regards to many issues which is understandable considering the limited burden of a plaintiff under the federal notice pleading standard. However, the submitted pretrial order leaves many factual questions unanswered and the facts included in the parties' motion in limine briefs actually raise new factual issues rather than clarify issues in the complaint. Incredibly, due to the failure of the parties to submit the proper materials to the court, the court stands at the eve of trial without having the benefit of sufficient information to rule on pretrial motions and to otherwise prepare for trial. We shall give some examples below of the inadequacies of the fact and law statements in the submitted pretrial order.

In the complaint Bryant stated that he was subjected to discipline. However, there is not an indication of when Bryant was disciplined or how many times he was disciplined. It is not clear if he was fired on the day of the alleged insubordination or whether he was suspended. It is not clear why he was fired and how many times he was fired. For instance, on one hand, Union Pacific claims that "Plaintiff was dismissed from his job, in part, because he was found by police officers and charged with possession of stolen property." (D Ans. Mot 2). On the other hand, Bryant states in his motion in limine that "plaintiff was originally charged with theft which allegedly occurred well after he returned to work." (P Mot 1). From the allegations

in the complaint we are led to believe that Bryant was only fired once, namely, when he was charged with insubordination, and that his termination was eventually reduced to a suspension, but the above statements and other statements in the briefs would indicate that it is possible that Bryant was fired when he was insubordinate, then fired again after he was allowed to return. We can only speculate because the complaint offers few specific facts and the submitted pretrial order does not even mention these facts. There is also mention in the parties' motion in limine briefs of Bryant's "110 days off." (P Mot 1). There is no mention of this 110 days off in the agreed or disputed facts in the submitted pretrial order or in the complaint. It is not clear between what dates the time off occurred or even between what events that this 110 days off occurred. There is also ample mention of the 90 day suspension in the briefs, but again, it is not mentioned in the pretrial order and there is not even a clear indication in the briefs of the date of the suspension. The parties, knowing all the facts in this case, may argue that the sequence of events in this case are obvious. We do not agree, and there should be no guessing at all by the court as to the pertinent facts in this case on the eve of trial.

In the complaint Bryant also makes reference to "negotiations" that occurred after Bryant was "fired." (Compl. 10). There is no clear indication in the amended complaint or submitted pretrial order of when Bryant was fired or for what reason.

There is also no mention of any negotiations in the agreed or disputed facts of the submitted pretrial order. However, there are references to negotiations in the parties' briefs which indicate that negotiations apparently occurred between Bryant's union representative and Union Pacific. Bryant states in his motion in limine that "in our case the agreement for plaintiff to return to work was arranged between the defendant and plaintiff's union representative." (P Mot 5). Yet there is no reference to the union representative or those negotiations in the agreed or disputed facts in the submitted pretrial order. The reference to the union representative in the briefs also raises new issues such as the existence of some sort of "agreement" between Bryant and Union Pacific regarding his return to work after his charge of insubordination that he claims was racially motivated. The parties' briefs indicate that Bryant signed a waiver of a formal hearing for the insubordination charges against Bryant. However, neither the agreed or disputed facts in the submitted pretrial order or the complaint make any mention of an agreement or mention the facts surrounding the agreement. Based upon what we can gather from the parties' briefs, Bryant was apparently fired and then after some negotiations he agreed to return to work and he signed a form waiving a formal hearing for the insubordination charges and agreeing that he would not get paid for the 90 day suspension. However, this is simply speculation and we do not know any of the circumstances surrounding the agreement

or whether there were more terms to the agreement and negotiations. Those facts are important in part because the facts surrounding this agreement and the negotiations could possibly have relevance as to whether this action should even go before the jury.

Another issue raised in the parties' briefs is the event surrounding the waiver form apparently signed by Bryant and the hearing that was allegedly conducted. Bryant states in the complaint: "A hearing was conducted, and Plaintiff was fired." (Compl. 10). There is no mention of a hearing in the agreed or disputed facts in the submitted pretrial order. There is no indication of when a hearing was conducted or what was the purpose of the hearing. The parties attached as an exhibit to their briefs a form signed by Bryant indicating that he waived a formal hearing and agreed that he would not get paid for the 90 day suspension. Based upon Bryant's reaction in the briefs, Bryant apparently concedes that he signed such a form. However there is no mention of the form in the complaint or the submitted pretrial order. Also, the mention of the waiver of a formal hearing actually suggests that a hearing was not conducted and that the complaint is inaccurate when it states that a hearing was conducted.

Another fact introduced in the briefs is that Bryant was arrested and charged with a crime involving the theft of property from Union Pacific. (D Ans. Mot 2).

7

One of Bryant's motions in limine seeks to bar any reference at trial to the arrest. However, there is no mention of the arrest or charges in the agreed or disputed facts in the submitted pretrial order or in the complaint. Based on Bryant's motion in limine briefs we gather that Bryant concedes that he was arrested and thus that fact, at the very least, should be an agreed fact that should have been included in the submitted pretrial order. The fact is relevant because Union Pacific states in its opposition to Bryant's motion in limine that Union Pacific knew about the arrest and that the arrest was one of the reasons that it decided to fire Bryant. (D Ans Mot 2). Thus, the arrest and the facts surrounding the arrest are relevant facts whether they be agreed or disputed facts and clearly should have been included in the submitted pretrial order.

Union Pacific has also moved to bar Bryant from introducing evidence relating to when Bryant was accused of cheating on a safety test. Based on Bryant's response, he apparently intends to introduce such evidence. Union Pacific points out in its motion in limine that the subject matter was not mentioned in Bryant's Equal Employment Opportunity Commission charge or in the complaint. However, neither was the matter touched on in the joint submitted pretrial order as was required. In addition, to the many new factual issues raised by the parties' briefs for the motions in limine, many of the new facts raised in the briefs also raise new questions of law

that are not mentioned in the complaint or in the agreed or disputed issues of law in the submitted pretrial order.

Thus, on the eve of trial we are still not clear as to many of the pertinent facts in this case. Without a proper understanding of the facts we cannot prepare for trial or even determine if the action should go before a jury. As we indicated above, because of the parties' failure to provide adequate materials to the court, the court cannot rule on pretrial motions or otherwise prepare for trial. Bryant filed a complaint and under the federal notice pleading standard he was allowed to present vague allegations. Union Pacific opted not to file a motion to dismiss and neither party opted to file dispositive motions. Thus, the court had no occasion to receive further input regarding the facts in this case until the recent submissions of the pretrial order and the motion in limine briefs. We cannot begin to rule on many of the issues presented in the motions in limine without resorting to speculation because of the failure of the parties to provide the court with some of the most rudimentary facts involved in this case. This court does not rule based on speculation.

### III. Prior Rulings (Tab 5)

In Tab 5 of our standing order the parties are instructed to list "[a]ll prior rulings in the case and dates of rulings" and in Tab 5A the parties are instructed to

list "[o]utstanding rulings that need to be addressed." The parties state in their submitted pretrial order under Tab 4 which is their version of Tab 5 that "[t]here are no prior rulings in this case." However, a cursory glance at the record shows that on August 28, 2003, we granted Union Pacific's motion for an extension of time to file a pretrial order and for a continuation of the trial date. The parties failed to submit any information in Tab 5A despite the fact that there are a litany of pending motions in limine. It is exactly those types of motions that the court must be aware of as trial approaches and the purpose of the outstanding motions list is to assist the court in its trial preparations. The parties' failure to complete this simple task of compiling a list is a telling example of the parties' lack of diligence.

## IV. Agreed Proposed Jury Instructions (Tab 7)

In Tab 7 of our standing order the parties are instructed to include agreed jury instructions and in Tabs 7A, 7B, 7C, and 7D the parties are instructed to include disputed jury instructions and objections to the disputed jury instructions. The parties failed to include agreed jury instructions in Tab 7 at all and we are left to speculate as to whether there are any agreed jury instructions. We also find it hard to believe that the parties cannot agree at least on some of the basic instructions such as the burden of proof. In addition, in the disputed jury instructions that Bryant

10

proposes in the submitted pretrial order the proposed instructions include phrases such as "Judge Gettleman's General Instruction No. 5" and "Judge Denlow's Instruction" and at the bottom of some of the instructions are listed names of other cases such as "Thompson v. Althiemer & Gray." Such notations are completely inappropriate for instructions in this case.

V. Exhibit Lists (Tab 9)

Our standing order instructs the parties to include in Tab 9 an index of exhibits for each party. It also instructs each party to designate each exhibit with a "designation of two letters associated with the party's name followed by an X and the number of the exhibit...." We even provide an example. Neither party complied with this requirement and each instead chose to refer to exhibits by numbers only.

VI. Individuals Present at Counsel Table (Tab 12)

In our standing order we instruct the parties to include in Tab 12 a list of "individuals (including attorneys) that each party desires to be present at counsel table during trial...." Bryant merely lists himself and a legal assistant in the submitted pretrial order. Although any assumption is risky in this case, in light of

the chaotic pretrial preparations, we assume that Bryant will not be proceeding *pro se* at trial and that his counsel will be present at the table. This is not merely a technical point either. The purpose of Tab 12 is to bring the court up to speed as to the identity of all of the individuals that will be present at the counsel table at trial including the attorneys. Union Pacific does not even provide an answer in Tab 12. They treat our requirement as an optional one and merely state that they have not yet decided who will sit at counsel table. Thus, they blatantly flaunt their lack of respect for this court's standing order. As indicated above, Tab 12 serves a legitimate purpose and Union Pacific has disregarded the required deadline for the submission of the information.

## VII. Issues Raised in Motions In Limine

Some of the issues raised in the motions in limine underscore the fact that counsel for both sides has not diligently prepared for trial. For instance, one of Union Pacific's motions seeks to bar three of Bryant's witnesses because Union Pacific claims it had no idea that the individuals might be called as witnesses. Union Pacific states that it needs to depose the individuals if the individuals are going to testify. We are not ruling on the motion in limine at this juncture and are merely mentioning the motion to illustrate counsels' lack of diligence. Rather than pointing

fingers at each other, counsel for the parties should be asking themselves why they didn't exchange a witness list long before the pretrial order was due. Union Pacific certainly could have asked for a witness list to make sure that it had an opportunity to depose Bryant's witnesses. In fact, Federal Rule of Civil Procedure 26(a)(3) provides that a party must disclose witnesses 30 days before the trial. If, as Bryant contends in his brief, it was obvious to Union Pacific that the individuals were connected to this case and might testify, then Bryant would have lost nothing by giving Union Pacific a witness list in time for Union Pacific to depose the witnesses if it wished. If, after receiving a witness list, Union Pacific chose not to depose the witnesses it could not then object to Bryant's presentation of the witnesses at trial. Instead, neither side bothered to address the issue until the eve of trial and now the parties expect the court to clean up their mess.

## VIII. Postponement of Trial and Sanctions

This court has wasted hours wading through the many inaccuracies and deficiencies in the parties' pretrial preparations when it needed such time instead to prepare for trial and rule on the motions in limine. It is obvious that the parties have taken the court's pretrial order requirement lightly. A well prepared pretrial order and motions in limine that include the necessary information are absolutely

necessary if a court is to properly oversee a trial. A court cannot be expected to conduct a trial in an organized manner and make proper rulings if it is constantly faced with issues that should have been anticipated and dealt with long before the trial. It is essential that a trial is not conducted in a haphazard manner. It is the court's duty to ensure that justice is served.

The parties have substantially failed to comply with this court's orders in regards to pretrial preparations. In some instances the parties were merely incompetent and in other instances the parties have chosen to outright ignore the court's express instructions. This court will not waste the court's resources and the jury's time trying this case until the parties provide the court with adequate pretrial information. Due to the parties' lack of diligence and failure to comply with the court's express instructions, we have no alternative but to postpone the trial date. The trial date is stricken. The parties are warned that future non-compliance with the court's orders may result in sanctions.

## CONCLUSION

Based on the foregoing analysis, we strike the trial date, strike the pretrial conference, and deny all pending motions without prejudice. The next status date is set for August 16, 2004 at 9:00 a.m.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 11, 2004